# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:09cr162 |
| | § | (Judge Folsom) |
| CHARLES EDWARD GROOME | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable David Folsom, the Court held a hearing on October 25, 2010, on Defendant's Motion to Withdraw Plea (Dkt. #30). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge,[1] signed on December 17, 2009 (Dkt. #21).

### BACKGROUND

On September 10, 2009, Defendant was charged by Indictment with a violation of 18 U.S.C. §§ 1029(a)(9) and 2, fraud and related activity in connection with access devices and aiding and abetting. Defendant was represented by Denise Benson, a Federal Public Defender.

On December 8, 2009, Defendant signed a plea agreement to count one of the indictment charging him with fraud and related activity in connection with access devices, a violation of 18 U.S.C. § 1029(a)(9) and 18 U.S.C. § 2, aiding and abetting. Also on December 10, 2009, Defendant signed a statement of facts in support of his plea of guilty. On December 10, 2009, the United States filed a notice of plea agreement.

On December 17, 2009, Defendant appeared before the undersigned for his change of plea hearing. Defendant pleaded guilty to count one of the indictment charging a violation of 18 U.S.C.

---

[1] At the time of the guilty plea, this case was assigned to Judge Marcia Crone. On March 26, 2010, this case was reassigned to Judge Folsom.

§ 1029(a)(9). On December 17, 2009, Findings of Fact and Recommendation on Guilty Plea were entered. On December 18, 2009, United States District Judge Marcia Crone adopted the report finding Defendant guilty of count one of the indictment.

On April 15, 2010, Defendant filed objections to the presentence investigation report ("PSR") (Dkt. #25). On July 12, 2010, Defendant filed a motion for downward departure (Dkt. #27). On July 16, 2010, Defendant moved to continue his sentencing hearing, which was granted (Dkt. #28, #29).

On October 6, 2010, Defendant filed a motion to withdraw plea (Dkt. #30). On October 7, 2010, the motion to withdraw was referred to the undersigned (Dkt. #31). On October 11, 2010, the Court set the motion to withdraw for hearing. On October 22, 2010, Defendant filed his objections to the new PSR (Dkt. #33). The Court conducted a hearing on the motion on October 25, 2010.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2)

whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea. Defendant bases this argument on the fact that the calculation of the amount of loss in the PSR was changed by the probation officer, which increased his offense level by two levels, thus increasing his range of punishment from 18-24 months to 24-30 months. Defendant does not believe that this change is fair.

**Defendant's Assertion of Innocence**

At the hearing, Defendant did not assert his innocence. In his plea colloquy with the Court on December 17, 2009, Defendant agreed to the statement of facts and that he was pleading guilty to the facts that support the charges in the indictment. Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 18 U.S.C. § 1029. His failure to claim his innocence strongly favors denying his motion to withdraw.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On December 17, 2009, Defendant pleaded guilty. The first communication from Defendant to counsel that he would like to withdraw his guilty plea was on August 31, 2010. A second letter to counsel from Defendant was sent on September 16, 2010. Defendant's motion to withdraw his guilty plea was filed on October 6, 2010. Defendant waited almost ten months from the time he entered his guilty plea to file his motion for withdrawal. Defendant's first request to counsel to withdraw his guilty plea was eight months after his guilty plea. It appears that Defendant also waited until after his PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea. Even accepting the date that Defendant attempted to request withdrawal of his plea, the Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that

pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

Defendant does not assert that he was not provided close assistance at every junction of his criminal proceedings. The question of whether defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* at *4. Defendant entered into a plea agreement with the Government. The plea agreement was signed by defendant and his counsel. Paragraph fifteen of the plea agreement states that defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, Ms. Benson, and he answered that he was.

There is no evidence that defendant was pressured by his attorney to plead guilty. The Court finds that defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of

5

counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment up to fifteen years, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea. The Court also reviewed the plea agreement and specifically asked the Defendant if he understood that other specific offense characteristics or guidelines adjustments could increase or decrease the appropriate sentencing range.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. Counsel indicated that Defendant was competent and able to cooperate with him and that he understood the plea agreement. The Court went over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(reviewing courts give great weight to the defendant's statement at the plea colloquy).

Defendant also asserts that he did not enter a knowing, voluntary guilty plea based upon a misunderstanding as to the amount of loss utilized by the probation officer in creating the PSR. Defendant asserts that this is a case of first impression on how the amount of loss should be calculated. The issue raised by Defendant goes to the issue of sentencing and not to the question of whether the plea was made knowingly and voluntarily. Defendant has filed objections to the PSR which can be considered by Judge Folsom at sentencing. The Court finds that Defendant's plea was knowing and voluntary.

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources. Sentencing had been set, and the District Judge has already been required to prepare for and postpone that hearing in light of the underlying motion. Considering the nature of this case, the Court does not find that there would be prejudice to the Government if the plea were withdrawn.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea (Dkt. #30) should be

**DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 27th day of October, 2010.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE